IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SYNOVUS BANK d/b/a STERLING BANK, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 2:14cv138-WHA |
| EDGEWOOD TOWNHOUSES, LLC and | ) |
| RICHARD TABOR, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| RICHARD TABOR, | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LEE HAIGLER SIMS; HERBERT M. SCHEUER, JR., and WILLIAMS F. DAVIS, | ) |
| | ) |
| Defendants/Third-Party Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.   FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Third-Party Defendants Motion to Dismiss (Doc. #21), filed by the Third-Party Defendants, Lee Haigler Sims; Herbert M. Scheuer, Jr.; and William F. Davis.

The Plaintiff, Synovus Bank d/b/a Sterling Bank ("Synovus"), filed a Complaint in this case naming Edgewood Townhouses, LLC and Richard Tabor ("Tabor") as Defendants. Synovus seeks to recover on a note and guaranty.  The Complaint alleges that Lee H. Sims ("Sims"); Herbert M. Scheuer, Jr. ("Scheuer"); William F. Davis ("Davis"); and Tabor guaranteed payment on the note.   Specifically, the Complaint alleges that Sims, Scheuer, Davis and Tabor

jointly, severally, and unconditionally guaranteed payment and performance of all obligations of the Borrower under the note. (Doc. #1 at p.5). Of those guarantors, only Tabor is named as a Defendant.

Tabor filed a Third-Party Complaint in this case on April 16, 2014. The Third-Party Complaint refers to the Complaint filed by Synovus. (Doc. #15 at ¶1). The Third-Party Complaint names Sims, Scheuer, and Davis as Defendants and alleges that in the event that Tabor is found to be indebted to Synovus, Sims, Scheurer, and Davis are indebted and responsible for some or all of said indebtedness. It further alleges that the business for which indebtedness was incurred was operated by Tabor, Sims, Scheurer, and Davis.

For reasons to be discussed, the Motion to Dismiss is due to be DENIED.

## II.   MOTION TO DISMISS STANDARD

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual

allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.    The factual allegations "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

### III.  DISCUSSION

Sims, Scheuer, and Davis have moved to dismiss the Third-Party Complaint, stating that the facts alleged do not provide a plausible basis by which the Third-Party Defendants can be held liable.   They state that the Third-Party Complaint contains only one sentence, which is conclusory, and gives them no basis to formulate a defense to the claim.

Tabor responds that he incorporated the facts of the original Complaint by reference, and that his Third-Party Complaint states a claim for contribution, pointing to Alabama case law. (Doc. #34 at p.2 quoting *Stallworth v. Preslar*, 34 Ala. 505, 509 (1859)).

Although given the opportunity to file a reply, the Third-Party Defendants have not timely responded to Tabor's opposition and legal argument.

Considering together the Complaint, which is referenced in the Third-Party Complaint, and which alleges that Sims, Scheurer, Davis and Tabor jointly, severally, and unconditionally guaranteed payment and performance of all obligations of the Borrower under the note, and the allegations of the Third-Party Complaint, and without deciding the merits of the claim, the court concludes that the Third-Party Complaint adequately pleads facts to state a claim against Sims, Scheuer, and Davis.   Accordingly, the Motion to Dismiss is due to be DENIED.

### V.  CONCLUSION

For the reasons discussed, the Third-Party Defendants' Motion to Dismiss (Doc. #21) is

ORDERED DENIED.

Done this 4th day of June, 2014.

 /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE